**McDERMOTT WILL & EMERY LLP**
ROBERT P. MALLORY (SBN 048287)
MATTHEW OSTER (SBN 190541)
2049 Century Park East, 38th Floor
Los Angeles, CA 90067-3208
Telephone: 310.277.4110
Facsimile: 310.277.4730

Attorneys for Defendant
WALGREEN CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S INC.; SUPERVALU, INC.; WALGREEN CO., and WAL-MART STORES, INC.,<br><br>Defendants. | CASE NO. CV 09-2514 (SI)<br><br>**WALGREEN CO.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>[Notice of Motion, combined Memorandum of Points and Authorities, Request for Judicial Notice Filed Concurrently]<br><br>Date: January 15, 2010<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>Judge: Hon. Susan B. Illston<br>Complaint Filed: June 5, 2009 |

LAS99 1747775-1.007341.0049

SUPPLEMENTAL MPA IN SUPPORT OF MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Walgreen Company ("Walgreens") submits this supplemental[1] memorandum of points and authorities in support of defendants' motion to dismiss because, according to the complaint, Walgreens is in the odd position of being an innocent defendant.

The complaint omits Walgreens from its RICO allegations and causes of action. Indeed, the complaint contains no allegation that Walgreens committed any wrongdoing whatsoever, or even was aware that any other person committed any wrongdoing. Complaint at *passim*. Instead, the complaint alleges only that Walgreens unknowingly benefitted from the alleged RICO scheme and should be subject to restitution under the third cause of action for Unjust Enrichment / Money Had and Received because it would be inequitable for Walgreens to keep any extra money it was paid as a result of the alleged scheme. Complaint at ¶¶ 8 (defining "RICO Defendants" as excluding Walgreens), 48 (identifying Walgreens' state of incorporation and places of business), 180 (identifying Walgreens as a customer of McKesson), and 336-48 (unjust enrichment allegations).

The elements of a claim based on unjust enrichment are the "receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008). "However, the 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'" *Marina Tenants Assn. v. Deauville Marina Development Co.*, 181 Cal.App.3d 122, 134 (1986) (internal citation omitted). As was explained in *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657 (1992), "[While] restitution may be required when the person benefitting from another's

---

[1] The defendants' omnibus memorandum of points and authorities and The Kroger Co.'s supplemental memorandum of points and authorities discuss several grounds for dismissal of the only claim asserted against Walgreens, the third cause of action for Unjust Enrichment / Money Had and Received. Any one of those grounds should lead to dismissal of Walgreens from this action, and Walgreens joins in those briefs. This memorandum is intended to supplement those discussions by briefly addressing the specific issue of Walgreens' innocence.

LAS99 1747775-1.007341.0049     - 1 -     SUPPLEMENTAL MPA IN SUPPORT OF MOTION TO DISMISS

mistake knew about the mistake and the circumstances surrounding the unjust enrichment . . ., innocent recipients may be treated differently than those persons who acquire a benefit with knowledge." *Id.* at 1663-64.

In *City of Hope Nat'l Medical Center v. Superior Court*, 8 Cal. App. 4th 633, 637 (1992) ("*City of Hope*"), the court considered an insurer's claim for restitution based on unjust enrichment where a hospital performed services for a patient, submitted a claim for those services to the insurance company, and the insurer paid the claim but later decided the services were not covered and the claim should not have been paid. *Id.* at 636. Because the hospital had provided the services, and had no notice of the insurer's coverage mistake at the time the payment was made, the *City of Hope* court held that the insurer could not seek restitution from the hospital. *Id.* at 637; *see also Federated Mutual Ins. Co. v. Good Samaritan Hosp.*, 191 Neb. 212, 214 N.W.2d 493, 495 (1974) (similar); *Lincoln Nat'l Life Ins.Co. v. Brown Schools, Inc.*, 757 S.W.2d 411, 414 (Tex.Civ.App. 1988) (similar); *National Ben. Admrs. v. Mississippi Methodist Hosp. & Rehabilitation Ctr., Inc.*, 748 F. Supp. 459, 465-66 (S.D. Miss. 1990) (similar); *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 438 S.E.2d 149, 152 (Ga. App. 1993) (similar); *St. Mary's Medical Ctr., Inc. v. United Farm Bureau Family Life Ins. Co.*, 624 N.E.2d 939, 942 (Ind. Ct. App. 1993) (similar); *compare Fidelity Mut. Life Ins. Co. v. Clark*, 203 U.S. 64, 71 (1906) ("When property has been obtained by fraud, its true owner may recover it from any person except a *bona fide* purchaser for value, without notice [of the fraud]."). This same rule is set forth in the Restatement of Restitution:

> "A person who has paid money to another in the performance of an agreement with a third person is entitled to restitution from the other if, because of fraud or mistake, the agreement or transfer was ineffective or was voidable and has been avoided, unless the other gave value therefor or changed his position, without notice of the cause of avoidance."

Restatement 1st of Restitution, § 17 (1937).

The facts alleged here are even weaker than those in the *City of Hope* decision and the other authorities cited above. Here, the complaint alleges, at most, that Walgreens provided prescription drugs to beneficiaries and received from third party payors like plaintiff contracted amounts of reimbursement. The plaintiff now has decided that it was a mistake for those third party payors to have agreed to the express contract terms for that compensation. Even if that stated a basis for evading contractual obligations (and we do not believe it does), Walgreens had no notice or knowledge of any alleged mistake, and was justified in receiving the payments because it provided the prescription drugs to the beneficiaries. Walgreens, therefore, is not subject to a claim of restitution because it gave value for the money paid and had no notice of the cause of avoidance.[2] Restatement 1st of Restitution, § 17. Or, in the words of the *City of Hope* court, "[s]tated plainly, if it's your mistake, you get to pay for it – unless the recipient misled you or accepted the payment knowing you didn't owe it." *City of Hope Nat. Medical Center*, 8 Cal.App.4th at 637.

Furthermore, it would be bad public policy and contrary to established law were this Court to expand the unjust enrichment law to allow innocents like Walgreens to suffer the burdens (time and expense) of defending unjust enrichment suits where they delivered goods to beneficiaries and were paid the negotiated amount without any knowledge or control over the third party payors' allegedy mistaken assumptions. *See*, *e.g.*, Fed. R. Civ. Proc. 1 (the Rules are to "be construed and administered to secure the just, speedy, and inexpensive

---

[2] Indeed, Walgreens was as much a victim of the alleged RICO scheme as was plaintiff.

1 determination of every action and proceeding.") Walgreens should be dismissed
2 from this action because the complaint does not contain facts sufficient to allege a
3 cause of action against it.

4 Dated: September 11, 2009     McDERMOTT WILL & EMERY LLP

6     By: /s/ Matt Oster
7        MATT OSTER
       Attorneys for WALGREEN CO.