**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TAMI S. SMASON CA Bar No. 120213
  tsmason@foley.com
  TELEPHONE: 213.972.4500
  FACSIMILE:   213.486.0065
PAGE R. BARNES CA Bar No. 154539
  pbarnes@foley.com
  TELEPHONE: 415.434.4484
  FACSIMILE:   415.434.4507

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL  60654-5313
ROBERT H. GRIFFITH, [ADMITTED PRO HAC VICE]
  rgriffith@foley.com
  TELEPHONE: 312.832.4500
  FACSIMILE:   312.832.4700

Attorneys for Defendants CVS CAREMARK CORP.
AND LONGS DRUG STORE CORPORATION
n/k/a LONGS DRUG STORES, L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC.,<br><br>Defendants. | Case No:  CV 09 2514 SI<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS CAREMARK CORPORATION'S MOTION TO DISMISS**<br><br>DATE: JANUARY 15, 2010<br>TIME: 9:00 A.M.<br>COURTROOM 10<br><br>HONORABLE SUSAN ILLSTON<br><br>COMPLAINT FILED: JUNE 5, 2009 |

1
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS
CAREMARK COPRORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1627166.1

Defendant CVS Caremark Corp. ("CVS Caremark") submits this supplemental memorandum of points and authorities that require the dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), in addition to the grounds requiring dismissal set forth in defendants' omnibus motion to dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES – PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST CVS CAREMARK AS IT IS BLACK LETTER LAW THAT A PARENT CORPORATION IS NOT LIABLE FOR THE ACTS OF ITS SUBSIDIARIES

In addition to the grounds set forth in defendants' omnibus motion to dismiss, Plaintiff has also failed to state a claim against CVS Caremark because it makes no allegations directed at any alleged behavior of CVS Caremark, and it cannot attempt to hold CVS Caremark liable for the alleged acts of its subsidiaries merely based on the parent-subsidiary relationship. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Furthermore, in order to pierce the corporate veil and hold a parent corporation liable, the "plaintiff must show that inequity will result and that a subsidiary is a mere instrumentality of the parent corporation." *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1102 (N.D. Cal. 2006). "Conclusory allegations of 'alter ego' status are insufficient to state a claim"; "[r]ather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

Here, Plaintiff makes <u>no</u> allegations aimed directly at CVS Caremark. Instead, Plaintiff merely alleges that, because "CVS Caremark acquired Longs" (Complaint, ¶ 41), and "Longs is a wholly owned subsidiary of Defendant CVS"

2

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1627166.1

(*Id.*, ¶ 42),[1] "'upon information and belief, [CVS Caremark] is liable for Longs'" conduct and, "[t]hus, all references to Longs in this Complaint also apply to CVS." (*Id.*, ¶ 41).[2] Such conclusory allegations, however, are directly contrary to the well-established law uniformly holding that parent corporations are not liable for acts of subsidiaries merely because of the existence of a parent-subsidiary relationship. *See Bestfoods*, 524 U.S. at 61.

Further, Plaintiff does not even attempt to make any allegations supporting that the corporate veil should be pierced such that the separate corporate identities of CVS Caremark and Longs, or the intervening subsidiary company[3], should be disregarded. Plaintiff does not allege (and certainly fails to allege any facts in support) that the subsidiaries are mere instrumentalities of CVS Caremark, nor does it plead any inequities that would result in respecting the corporate structure.[4]

Accordingly, because Plaintiff makes no allegations against CVS Caremark, and does not even attempt to plead facts demonstrating that the corporate veil should be pierced to hold CVS Caremark liable for the alleged acts of its subsidiaries, Plaintiff's claims against CVS Caremark must be dismissed. *See*

---

[1] Plaintiff makes similar conclusory allegations relating to CVS Caremark having supposedly "acquired certain drugs stores owned by Albertsons, Inc." ("Albertsons"), and therefore, "upon information and belief," being automatically liable for Albertson's conduct. (Complaint, ¶ 41). Once again, however, such conclusory and broad-sweeping assertions are directly contrary to well-established law. *See Bestfoods*, 524 U.S. at 61.

[2] Plaintiff then goes on to include a reference to "CVS" in several headings outlining *Longs* and *Albertsons*' alleged behavior. (*See* Complaint, ¶¶ 277-81, 289-90).

[3] Longs is not even directly owned by CVS Caremark. Rather, Longs is a wholly-owned subsidiary of CVS Pharmacy, Inc., which is a wholly-owned subsidiary of CVS Caremark Corp.

[4] Plaintiff also fails to allege any factors signaling that it would be inequitable to respect the separate corporate identities, such as "inadequate capitalization, commingling of assets, [or] disregard of corporate formalities." *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1102 (N.D. Cal. 2006).

---

3
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1627166.1

1  *Nordberg*, 445 F. Supp. 2d at 1102-03 (granting motion to dismiss claims against parent corporation because plaintiffs failed to plead factors signaling that it would be inequitable to separate the corporate identities, and because "plaintiffs do not allege, absent conclusory statements, that [subsidiary] is merely an instrumentality of [parent]"); *Neilson*, 290 F. Supp. 2d at 1116 (holding that "[s]ince the complaint does not sufficiently allege Comerica's liability on an alter ego theory, the claims against it must be dismissed").

Dated: September 11, 2009     FOLEY & LARDNER LLP

By: ___/s/ *Page R. Barnes*___
Page R. Barnes, State Bar No. 154539
FOLEY & LARDNER LLP
One Maritime Plaza, Suite 600
San Francisco, Ca 94501
Telephone: (415)434-4484
Fax: (415)434-4507
pbarnes@foley.com

Attorneys For Defendants,
CVS Caremark Corp. And
Longs Drug Store Corporation
N/K/A Longs Drug Stores, L.L.C.

4
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1627166.1