LAURENCE A. WEISS (Cal. Bar No. 164638)
laweiss@hhlaw.com
KRISTI K. ELDER (Cal. Bar No. 231996)
kelder@hhlaw.com
HOGAN & HARTSON LLP
525 University Ave, 4th Floor
Palo Alto, California 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant
THE KROGER CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CVS CAREMARK CORP., LONGS DRUG STORE CORPORATION, THE KROGER CO., NEW ALBERTSON'S, INC., RITE AID CORPORATION, SAFEWAY, INC., SUPERVALU, INC., WALGREEN CO., AND WAL-MART STORES, INC.,<br><br>  Defendants. | Case No. CV 09-2514 SI<br>[Complaint Filed: June 5, 2009]<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT THE KROGER CO.**<br><br>Date:  January 15, 2010<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10, 19th Floor<br><br>Judge:  The Hon. Susan B. Illston |

## I. INTRODUCTION

Defendants' Joint Memorandum[1] demonstrates that the sole claim pleaded against Kroger –plaintiff's Count III for "unjust enrichment/money had and received" – is deficient for several reasons that each provide independent grounds for dismissal.[2]

Kroger submits this supplemental memorandum of points and authorities to highlight the complete absence of substantive factual allegations specific to Kroger, and to explain why this pleading failure provides an additional basis for dismissal of the claim against it. Except for one paragraph that identifies Kroger as a defendant (CM ¶ 43), there are literally no specific allegations about Kroger at all. Nothing else in the Complaint – neither the generic allegations about the pharmaceutical industry and how pharmacies are "typically" reimbursed, nor the contentions about a supposed RICO scheme of which Kroger is not alleged to have been a part or even to have had any knowledge – comes close to satisfying the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 9(b) with respect to the claim against Kroger.[3]

## II. SUMMARY OF ALLEGATIONS

Other than Paragraph 43, which merely identifies Kroger as a party, there are no specific allegations in the Complaint about Kroger. Instead, as set out in greater detail in the Joint Memorandum, the bulk of the Complaint purports to describe an alleged RICO conspiracy and supposedly fraudulent conduct by non-parties McKesson and First DataBank with respect to reported Average Wholesale Prices for certain drugs, and asserts that "defendants" benefitted from this RICO scheme in the form of "inflated" reimbursement payments allegedly made

---

[1] In this memorandum, "Joint Memorandum" refers to the Memorandum of Points and Authorities In Support Of Defendants' Motion to Dismiss, filed concurrently; "Kroger" refers to defendant The Kroger Co.; "Skilstaf" refers to plaintiff Skilstaf, Inc.; and "Complaint" or "CM" refers to plaintiff's Class Action Complaint.

[2] Specifically, in addition to the Introduction, the discussion in the Joint Memorandum applicable to the unjust enrichment claim appears in Part One (Skilstaf's entire lawsuit is precluded by the covenant not to sue resulting from the class settlement in the *New England Carpenters* case), and in Sections I (statement of relevant facts), II.B (unjust enrichment claim barred by applicable statute of limitations), and IV (complaint fails to state a claim for unjust enrichment/money had and received) of Part Two. The remaining portions of the Joint Memorandum refer to plaintiff's two RICO causes of action, which are not asserted against Kroger.

[3] Kroger also joins in the arguments made in Walgreen Co.'s Supplemental Memorandum of Points and Authorities, which apply with equal force to Kroger.

pursuant to various unidentified contracts in which the reimbursement formula involves a "discount" on reported AWP. But as to Kroger, it is what the Complaint does not allege that is most telling:

- Kroger is not identified as a "RICO Defendant" or "co-conspirator," and is not named in the RICO causes of action.
- Kroger is not alleged to have participated in any alleged wrongful conduct.
- Kroger is not alleged even to have known about any wrongful conduct on the part of others.
- Kroger is not alleged to have been a McKesson customer, notwithstanding allegations that McKesson purportedly acted to benefit its "customers" (CM ¶ 23) and that "McKesson's customers included the largest retail chains in the country" (CM ¶ 180).
- Kroger is not specifically alleged to have received any payment or reimbursement from plaintiff.

Although Skilstaf repeatedly concludes that, regardless of their knowledge, all defendants (including Kroger) were "unjustly enriched" by the RICO scheme (CM ¶¶ 30, 52, 339-40), the Complaint does not allege any facts beyond this bare conclusion, nor does it show any factual circumstances explaining why it might be "inequitable" for Kroger to retain reimbursement payments that it may have received.

### III.  ARGUMENT

As the Supreme Court has recently emphasized, Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead facts showing its entitlement to relief. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). The Rule requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Under Rule 8(a)(2), a court should assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In doing so, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. *See also Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) (the "practical significance" of Rule 8 is that it permits the court to identify "a largely groundless claim" "at the point of minimum expenditure of time and money by the parties and the court").

Moreover, because Plaintiff's unjust enrichment claim is grounded in fraud, it must meet the heightened pleading standards of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *Martinelli v. Petland*, 2009 WL 2424655, at *6 (D. Ariz. Aug. 7, 2009) (when an unjust enrichment claim is predicated on fraud, plaintiffs must plead with particularity). Plaintiff repeatedly describes the alleged wrongful conduct as a "fraudulent and anticompetitive scheme" to inflate reported Average Wholesale Prices. *See, e.g.*, CM ¶ 8. Plaintiff also acknowledges that its claims, including the unjust enrichment claim against Kroger, are based upon the supposed fraudulent scheme. *See, e.g.*, *id.* at ¶ 337 ("[a]s a direct result of the wrongdoing and Scheme . . . Defendants have profited and benefited"). As a result, plaintiff must plead the circumstances of its claim with particularity. *Vess*, 317 F.3d at 1106.

Skilstaf's Complaint fails to provide the required well-pleaded factual allegations that would allow the Court to reach a plausible conclusion that Kroger could have been unjustly enriched under the law of any applicable jurisdiction,[4] and accordingly, the Complaint fails to satisfy Rule 8, let alone 9(b). *See Rosal v. First Federal Bank of California*, 2009 WL 2136777, at *16 (N.D. Cal. July 15, 2009) (dismissing unjust enrichment claim as insufficiently pleaded). For example, the elements of a claim of unjust enrichment under California law are (a) the receipt of a benefit and (b) the unjust retention of the benefit at the expense of another. *See, e.g., Delino v. Platinum Community Bank*, 2009 WL 2366513, at *8 (S.D. Cal. July 30, 2009). "The mere fact that a person benefits another is not in itself sufficient to require the other to make restitution therefor." *Id.* Even where a person has received a benefit from another, restitution is required "only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992).

---

[4] Plaintiff contends that it brings its unjust enrichment claim under the laws of all fifty States and Territories. CM ¶ 336. As explained in the Joint Memorandum, the elements of a claim for unjust enrichment vary from state to state. Nevertheless, the negligible factual allegations against Kroger fail to plead the elements of an unjust enrichment claim under the law of any potentially applicable jurisdiction.

The Complaint contains no well-pleaded factual allegations about Kroger from which the Court can determine why it might be inequitable for Kroger – who is not alleged to have been involved in or to have had any knowledge of any wrongdoing – to retain any supposedly inflated reimbursement payments. Indeed, the Complaint fails even to allege with specificity that Kroger actually received and retained any benefit to which it was not entitled, or what that benefit was. Plaintiff's generic allegations about how "pharmacies" are "typically" reimbursed say nothing, and certainly nothing particular, about Kroger. *See, e.g., Harrison v. Downey Sav. & Loan Ass'n*, 2009 WL 2524526, at * 5-9 (S.D. Cal. Aug. 14, 2009) (dismissing unjust enrichment and other claims against Deutsche Bank where complaint alleged that "all defendants" breached duties, and were unjustly enriched, but contained no specific mention of conduct by Deutsche Bank).

While Skilstaf offers the bare conclusion that it was "under a mistake of fact" regarding the accuracy of First Databank's reported AWP benchmark (CM ¶ 341), this does not provide a sufficient factual basis for an unjust enrichment claim against Kroger. As the *First Nationwide* court explained, "if a person receives a benefit because of another's mistake, policy may dictate that the person making the mistake assume the risk of the error. The desirability of allowing a party to retain the benefit of his or her bargain may preclude… restitution." *First Nationwide*, 11 Cal. App. 4th at 1663. Moreover, while "restitution may be required when the person benefitting from another's mistake knew about the mistake and the circumstances surrounding the unjust enrichment … innocent recipients may be treated differently than those persons who acquire a benefit with knowledge." *Id*. at 1664. Skilstaf's Complaint fails to allege (let alone allege with specificity) the circumstances surrounding *Kroger's* supposed enrichment or any fact upon which the Court could plausibly determine whether it was unjust.[5]

Accordingly, the complaint fails to state a claim for unjust enrichment against Kroger.[6]

---

[5] Plaintiff's claim similarly fails under Alabama law to the extent that it is applicable. *See, e.g., Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006) (unjust enrichment requires a showing that (1) the defendant holds money that (a) belongs in equity and good conscience to the plaintiff; or (b) was improperly paid to the defendant because of mistake or fraud; and (2) retention of the money would be unjust).

[6] Plaintiff's alternative theory of "money had and received" similarly fails, for the reasons explained in the Joint Memorandum at page 39.

## IV. CONCLUSION

For the foregoing reasons, and the reasons stated in the Joint Memorandum and the Joint Motion to Dismiss, Kroger respectfully requests that all claims asserted against it in Plaintiff's Class Action Complaint be dismissed.

Date: September 11, 2009                    HOGAN & HARTSON LLP

                                            By: _____/s/_____
                                                Laurence A. Weiss

                                            Attorneys for Defendant
                                            THE KROGER CO.