1  JAMES L. WARD, ESQ. (SC BAR NO. 13453)
   ROBERT S. WOOD, ESQ. (SC BAR NO. 16644)
2  **RICHARDSON, PATRICK,**
      **WESTBROOK & BRICKMAN, LLC**
3  1037 Chuck Dawley Blvd., Bldg. A
   Mt. Pleasant, South Carolina  29464
4  Facsimile: (843) 216-6509
   Telephone: (843) 727-6500
5
   Attorneys for Plaintiff
6  [Additional Counsel Listed on Signature Page]

7              **UNITED STATES DISTRICT COURT**

8       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated, | No. 3:09-cv-02514-SI |
| Plaintiff, | **PLAINTIFF SKILSTAF, INC.'S RESPONSE TO DEFENDANT CVS CAREMARK CORP.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC., | |
| Defendants. | |

Plaintiff's Response to Defendant CVS Caremark Corp.'s Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

Defendant CVS Caremark Corp. ("CVS") has submitted a Supplemental Memorandum arguing that it should be dismissed as a defendant because Skilstaf has not alleged a claim directly against CVS and, instead, only names CVS as a defendant based on the acts of its subsidiaries. This argument reveals a fundamental misunderstanding of the Complaint. In fact, Skilstaf has alleged claims directly against CVS that are not premised on the conduct of its subsidiaries. The Complaint also has sufficient allegations to state a claim against CVS for the acts of pharmacy companies that it has acquired.

## I. DIRECT CLAIMS AGAINST CVS CAREMARK.

While CVS argues that Skilstaf "makes no allegations directed at any alleged behavior of CVS Caremark", CVS Supp. Mem. at 2, Skilstaf specifically alleges that CVS "is one of the largest pharmacy chains in the United States with over 6,200 retail stores across the country" and is "liable for its own unjust enrichment." *See* Complaint [Doc. #1] at ¶ 41. The Complaint then sets forth in extraordinary detail how the artificial price inflation of prescription drugs directly benefited retail pharmacies operated by the Defendants, including CVS. *See* Complaint at *passim*. Based on these allegations, Skilstaf asserts claims for unjust enrichment and money had and received directly against CVS and the other pharmacy defendants. Count III includes the following allegations:

- "Defendants [including CVS] have profited and benefited from overpayments Plaintiff and Class Members made at their expense for Marked-Up Drugs." *Id.* at ¶ 337.

- "At the time they made these overpayments, Plaintiff and the other members of the Class expected that the listed prices for branded prescription drugs were accurate and not falsely inflated." *Id.* at ¶ 338.

- "Defendants have voluntarily accepted and retained these overpayments to which they were not entitled." *Id.* at ¶ 339.

- "Even if a particular Defendant was not aware of the scheme, each Defendant knowingly received, accepted, appreciated and retained a benefit directly from Plaintiff and Members of the Class under

- 2 -

circumstances where it would be inequitable for the Defendant to retain the benefit." *Id.* at ¶ 339.

- "Plaintiff and members of the Class overpaid Defendants for Marked-Up Drugs under a mistake of fact or a misreliance on a right or duty in that they properly and reasonably relied upon First Data's representations regarding the accuracy of AWPs and this the accuracy of the claims submitted by Defendants." *Id.* at ¶ 341.

- "There is no justification for Defendants' unjust enrichment as they have received a windfall in the form of overpayments." *Id.* at ¶ 343.

Without question, Skilstaf has alleged unjust enrichment and money had and received claims directly against CVS based upon the overpayments it received directly from Plaintiff and members of the Class. These claims are *not* based upon the conduct of CVS subsidiaries, and thus CVS simply mischaracterizes the Complaint.[1]

## II. SKILSTAF HAS STATED A CLAIM AGAINST CVS CAREMARK FOR THE MISCONDUCT OF LONGS AND ALBERTSONS.

In addition to the direct unjust enrichment/money had and received claim asserted against CVS, Skilstaf also alleges that CVS is liable based upon its acquisition of the assets and liabilities of Longs Drug Stores Corp. and Albertsons, Inc. *Id.* at ¶ 41. In particular, the Complaint alleges that CVS "acquired Longs Drugstores Corp." and "acquired certain drugstores owned by Albertsons, Inc." *Id.* Furthermore, the Complaint states that "[a]ccording to SEC filings, CVS purchased substantially all of the assets and assumed specified liabilities of Albertsons' stand alone drugstore business." *Id.*

Skilstaf concedes that "[u]nder California law, a successor corporation will *generally* not be liable for the tort liability of its predecessor *without an assumption of liability*, evidence of

---

[1] Based upon CVS's consolidated financial reporting, Skilstaf believes that CVS has been appropriately named as a defendant. However, if, in fact, CVS Caremark Corp. is not the corporate entity that benefited from the price inflation, then Skilstaf will amend the Complaint to substitute in the appropriate CVS subsidiaries. Skilstaf's counsel has communicated with counsel for CVS in an attempt to ensure that the proper corporate entity has been named in the Complaint. Those discussions are ongoing. Nonetheless, the allegations in the Complaint, accepted as true, sufficiently allege that CVS Caremark Corp. has been unjustly enriched.

- 3 -

fraud or a merger of the two companies." *Fed. Ins. Co. v. Albertson's Inc.*, No. 06-04000, 2007 U.S. Dist. LEXIS 35831, *22-23 (N.D. Cal. May 11, 2007) (citation omitted) (emphasis added). However, as noted above, Skilstaf specifically alleges based upon its review of SEC filings that CVS has assumed liabilities of Albertsons' pharmacy business. At this stage, Skilstaf has not had the benefit of discovery pertaining to the relationship between Longs and CVS and Albertsons and CVS. Moreover, CVS has not produced the agreements through which it acquired the assets and liabilities of those companies. Discovery may well reveal that CVS Caremark is, by contract or otherwise, clearly liable for misconduct committed by Longs and/or Albertsons before the 2008 acquisitions. As the Complaint alleges, the relationship between CVS Caremark and Longs and Albertsons is not one of a traditional parent-subsidiary. Only after discovery will Skilstaf and this Court know the extent to which CVS Caremark may be held liable for the actions of Longs and Albertsons prior to the acquisitions. Accordingly, CVS's arguments regarding its liability for the actions of Longs and Albertsons are not properly decided on a Motion to Dismiss.[2]

**CONCLUSION**

For the foregoing reasons, CVS Caremark's Motion to Dismiss should be denied.

---

[2] Again, if CVS Caremark Corp. is not the entity that actually purchased Longs and Albertsons or otherwise assumed the liabilities of these entities, Skilstaf will substitute the correct entity. Skilstaf is engaged in conversations with CVS Caremark Corp.'s counsel to ensure that the proper CVS entities are named. Regardless, the Complaint's allegations, accepted as true, sufficiently allege claims against CVS Caremark based on its acquisition of the assets and/or liabilities of Longs and Albertsons.

- 4 -

Plaintiff's Response to Defendant CVS Caremark Corp.'s Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

1 | Dated: November 13, 2009

2 | /s/ James L. Ward, Jr.
James L. Ward, Jr.
3 | Robert S. Wood
**RICHARDSON, PATRICK,**
4 | **WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
5 | Mt. Pleasant, SC  29464
(843) 727-6500
6 | (843) 216-6509 (facsimile)

7 |

8 | R. Bryant McCulley
**MCCULLEY MCCLUER PLLC**
9 | One Independent Drive, Suite 3201
Jacksonville, FL  32202
10 | (904) 482-4073
(904) 354-4813 (facsimile)
11 |

12 | Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
13 | 1109 Van Buren Avenue
Oxford, MS  38655
14 | (662) 236-1401
(662) 234-1974 (facsimile)
15 |

16 | Walker Percy Badham III
Brannon J. Buck
17 | **BADHAM & BUCK LLC**
2585 Wachovia Tower,
18 | 420 20th Street North
Birmingham, AL  35203-5200
19 | (205) 521-0036
(205) 521-0037 (facsimile)
20 |

21 | Larry W. Morris
Randall Stark Haynes
22 | **MORRIS, HAYNES & HORNSBY**
131 Main Street
23 | P.O. Box 1660
Alexander City, AL  35011
24 | (256) 329-2000
(256) 329-2015 (facsimile)
25 |

26 |
27 |
28 |

- 5 -

Plaintiff's Response to Defendant CVS Caremark Corp.'s Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

Terry O'Reilly
Jim Collins
John Kristensen
**OREILLY COLLINS**
1900 O'Farrell Street, Suite 360
San Mateo, CA 94403
(650) 358-5901
(650) 358-2575 (facsimile)

*Attorneys for Plaintiff and the Proposed Class*

- 6 -

Plaintiff's Response to Defendant CVS Caremark Corp.'s Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI