JAMES L. WARD, ESQ. (SC BAR NO. 13453)
ROBERT S. WOOD, ESQ. (SC BAR NO. 16644)
**RICHARDSON, PATRICK,**
   **WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Facsimile: (843) 216-6509
Telephone: (843) 727-6500

Attorneys for Plaintiff
[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC.,<br><br>            Defendants. | No. 3:09-cv-02514-SI<br><br>**PLAINTIFF SKILSTAF, INC.'S RESPONSE TO DEFENDANT THE KROGER COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

---
- 1 -

Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

Defendant The Kroger Company ("Kroger") has submitted a Supplemental Memorandum in Support of its Motion to Dismiss arguing that Skilstaf has not adequately plead its unjust enrichment claim. First, Kroger mistakenly contends that, in order to properly allege unjust enrichment, Skilstaf must plead fraud or mistake with particularity. Second, Kroger incorrectly asserts that Skilstaf has not alleged facts from which the Court could find that Kroger's enrichment at the expense of Skilstaf and the Class was "unjust." Neither the law nor the facts alleged in the Complaint support Kroger's position.

### A.   Unjust Enrichment / Money Had and Received Pleading Requirements.

This Court, citing the California Court of Appeal, has recited the elements of unjust enrichment as "receipt of a benefit and unjust retention." *Cruz v. United States*, 387 F. Supp. 2d 1057, 1061 (N.D. Cal. 2005) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 5th 723, 726, 91 Cal. Rptr. 2d 881 (2000)). *See also Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637 at *8 (S.D. Cal. Sept. 4, 2009) (acknowledging the minimal pleading requirements for unjust enrichment claims by stating that "[a] claim for unjust enrichment requires pleading 'the receipt of a benefit and the unjust retention of the benefit at the expense of another.'") (quoting *Lectrodryer*, 77 Cal. App. 4th at 726).

California law does ***not*** require Skilstaf to plead fraud or mistake with Rule 9 particularity in order to maintain an unjust enrichment claim. On the contrary, only two elements must be pleaded – receipt of benefit and unjust retention. In fact, the oft-cited *Lectrodryer* court expressly acknowledged that a plaintiff is "not required to demonstrate wrongful conduct by a defendant in order to prove unjust enrichment." *Lectrodryer*, 77 Cal. App. 4th at 727, n.2.[1] *See also* Plaintiff's

---

[1] Kroger also misinterprets Alabama law on unjust enrichment. The Alabama Supreme Court has expressly acknowledged that unjust enrichment does not necessarily require proof of fraud or mistake. In *State Farm Fire & Cas. Co. v. Evans*, 956 So.2d 390, 400 (Ala. 2006), the Alabama Supreme Court stated:

- 2 -

Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

Opposition to Defendants' Motions to Dismiss at Part III.B.2 (discussing additional case law holding that a plaintiff need not allege wrongful conduct by a defendant to assert unjust enrichment or money had and received claims).

This Court has applied these standards in rejecting similar motions to dismiss. In *Wolf v. Green*, 516 F. Supp. 2d 1121 (N.D. Cal. 2007), a law firm defendant sought to dismiss a complaint by a former client alleging, among other claims, unjust enrichment. Denying the defendant's motion to dismiss, this Court quoted the bare allegation of the complaint, "[p]laintiff…alleges defendant was 'unjustly enriched by the sums paid by plaintiff, which conferred upon him and his law firm benefits that were not earned and caused plaintiff to suffer corresponding injuries.'" *Id.* at 1133 (quoting the plaintiff's Amended Complaint). Notably, this Court in *Wolf* made no mention of any requirement that the plaintiff plead fraud or mistake with particularity in order to properly allege unjust enrichment. This is because no such requirement exists, particularly where, as here, Plaintiff is seeking restitution regardless of whether Kroger knew about and participated in the fraud. *See State Farm Mut. Auto. Ins. Co. v. Grafman*, 04-2609, 2009 U.S. Dist. LEXIS 86451,

---

> In order to prevail on claims of unjust enrichment and money had and received, "the plaintiffs must establish that the defendants hold money that, in equity and good conscience, belongs to the plaintiffs, *or* that the defendants hold money that was improperly paid to the defendants because of mistake or fraud."

*Id*. at 400 (emphasis added) (citation omitted). *Evans* properly restated the longstanding rule that there are two ways to prevail on unjust enrichment and money had and received claims. A plaintiff may show *either* that the defendant holds money that in equity or fairness belongs to the plaintiffs *or* that the defendant possess money which was improperly paid because of some mistake or fraud. *Id. See also Avis Rent A Car Systems, Inc. v. Heilum*, 876 So. 2d 1111, 1122-23 (Ala. 2003); *Michell v. H&R Block, Inc.*, 783 So. 2d 812, 817 (Ala. 2000) (quoting *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986)); *Dickinson v. Cosmos Broadcasting Co.*, 782 So. 2d 260, 266 (Ala. 2000); *Cheminova v. Corker*, 779 So. 2d 1175, 1181-82 (Ala. 2000). Judge Robert Vance of the Jefferson County, Alabama Circuit Court has also acknowledged that unjust enrichment does not require proof of mistake or fraud in an opinion certifying a class action: "[A]n unjust enrichment claim need not include fraud or mistake-of-fact as an essential element. Rather, the gravamen of an unjust enrichment claim can simply be that a defendant holds money that 'in equity and good conscience belongs to plaintiffs.'" *Blue Cross/Blue Shield v. Wyeth*, 2006 WL 1241019 at *7-8 (Ala. Cir. Ct. Feb. 27, 2006) (quoting *Mitchell v. H&R Block, Inc.*, 783 So. 2d 812, 817 (Ala. 2000)).

---

- 3 -

*24 n.4 (E.D.N.Y. Sep. 21, 2009 ("The heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure does not apply to an unjust enrichment claim.") (citation omitted).

### B. Skilstaf States an Unjust Enrichment / Money Had and Receved Claim Against Kroger.

Kroger makes the conclusory argument that Skilstaf has not made "factual allegations that would allow the Court to reach a plausible conclusion that Kroger could have been unjustly enriched." Supplemental Memorandum [Doc. 82] at 3. Apparently, Kroger has opted not to read the ninety-four (94) page Complaint filed by Skilstaf. The Complaint explains in extraordinary detail how the retail pharmacy defendants, including Kroger, benefited from the unjust and unwarranted increase in the "spread" between the wholesale acquisition price (WAC) and the average wholesale price (AWP) for prescription drugs. *See also New England Carpenters Health Ben. Fund v. First Databank, Inc.*, 602 F. Supp. 2d 277, 284 (D. Mass. 2009) (pharmacies "were unjustly enriched when drug prices were fraudulently inflated during the scheme"). In addition, Count III (Unjust Enrichment) sets forth, among others, the following allegations:

- "Defendants [including Kroger] have profited and benefited from overpayments Plaintiff and Class Members made at their expense for Marked-Up Drugs." Complaint [Doc. 1] ¶ 337.

- "At the time they made these overpayments, Plaintiff and the other members of the Class expected that the listed prices for branded prescription drugs were accurate and not falsely inflated." *Id.* at ¶ 338.

- "Defendants have voluntarily accepted and retained these overpayments to which they were not entitled." *Id.* ¶ 339.

- "Even if a particular Defendant was not aware of the scheme, each Defendant knowingly received, accepted, appreciated and retained a benefit directly from Plaintiff and Members of the Class under circumstances where it would be inequitable for the Defendant to retain the benefit." *Id.*

- "Plaintiff and members of the Class overpaid Defendants for Marked-Up Drugs under a mistake of fact or a misreliance on a right or duty in that

- 4 -

Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

- they properly and reasonably relied upon First Data's representations regarding the accuracy of AWPs and this the accuracy of the claims submitted by Defendants." *Id.* ¶ 341.

- "There is no justification for Defendants' unjust enrichment as they have received a windfall in the form of overpayments." *Id.* ¶ 343.

These allegations, along with the other ninety-two (92) pages of allegations, clearly meet the pleading requirement of "receipt of a benefit" and "unjust retention." *Ibarra,* 2009 WL 2901637 at *8. Although Kroger is not a "RICO Defendant," the allegations of the fraudulent inflation of the prices for prescription drugs, with no reasonable justification, nonetheless establish that Kroger unjustly benefited at the expense of Skilstaf and the Class. In fact, even if Kroger were correct about the requirements for pleading unjust enrichment, Skilstaf's Complaint would pass muster. *See* Plaintiff's Opposition to Defendants' Motions to Dismiss at Part IV.A.1.d.

In its effort to artificially impose stricter pleading requirements on Skilstaf, Kroger mischaracterizes the holding in *Harrison v. Downey Sav. & Loan Ass'n.*, 2009 WL 2524526 (S.D. Cal. Aug. 14, 2009). Kroger contends that *Harrison* requires a plaintiff to allege wrongful conduct specific to a particular defendant in order to adequately plead unjust enrichment. Kroger is mistaken. The *Harrison* court dismissed the unjust enrichment claim because "[t]he Complaint fails to allege any specific benefit received by Deutsche Bank or that Deutsche Bank improperly retained that benefit." *Id.* at *9. In other words, *Harrison* requires a plaintiff to identify that "specific benefit" received by the defendant. It does not require allegations of wrongful conduct by a particular defendant, as Kroger suggests.

Here, Skilstaf has clearly met the *Harrison* pleading requirements. The Complaint identifies (1) the specific benefit received by Kroger -- overpayments for brand name drugs which are enumerated in Exhibit A to the Complaint as a result of a fraudulent scheme -- and (2) that Kroger has improperly retained the inflated payments. *See supra* and Complaint ¶¶ 335-47.

- 5 -

Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

## CONCLUSION

For the foregoing reasons, Kroger's Motion to Dismiss should be denied.

Dated: November 13, 2009

/s/ James L. Ward, Jr.
James L. Ward, Jr.
Robert S. Wood
**RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29464
(843) 727-6500
(843) 216-6509 (facsimile)

R. Bryant McCulley
**MCCULLEY MCCLUER PLLC**
One Independent Drive, Suite 3201
Jacksonville, FL  32202
(904) 482-4073
(904) 354-4813 (facsimile)

Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
1109 Van Buren Avenue
Oxford, MS  38655
(662) 236-1401
(662) 234-1974 (facsimile)

Walker Percy Badham III
Brannon J. Buck
**BADHAM & BUCK LLC**
2585 Wachovia Tower,
420 20th Street North
Birmingham, AL  35203-5200
(205) 521-0036
(205) 521-0037 (facsimile)

Larry W. Morris
Randall Stark Haynes
**MORRIS, HAYNES & HORNSBY**
131 Main Street
P.O. Box 1660
Alexander City, AL 35011
(256) 329-2000
(256) 329-2015 (facsimile)

- 6 -
_____
Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI

| | |
|---|---|
| 1 | Terry O'Reilly |
| 2 | Jim Collins |
| | John Kristensen |
| 3 | **OREILLY COLLINS** |
| | 1900 O'Farrell Street, Suite 360 |
| 4 | San Mateo, CA  94403 |
| | (650) 358-5901 |
| 5 | (650) 358-2575 (facsimile) |
| 6 | |
| 7 | ***Attorneys for Plaintiff and the Proposed Class*** |

- 7 -

Plaintiff's Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss
- Action No. 3:09-cv-02514-SI