JAMES L. WARD, ESQ. (SC BAR NO. 13453)
ROBERT S. WOOD, ESQ. (SC BAR NO. 16644)
**RICHARDSON, PATRICK,**
  **WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Facsimile: (843) 216-6509
Telephone: (843) 727-6500

Attorneys for Plaintiff
[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC.,<br><br>  Defendants. | No. 3:09-cv-02514-SI<br><br>**PLAINTIFF SKILSTAF, INC.'S RESPONSE TO DEFENDANT WALGREEN CO.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

- 1 -

Plaintiff's Response to Defendant Walgreen Co.'s Supplemental Memorandum in Support of Motion to Dismiss –
Action No. 3:09-cv-02514-SI

Defendant Walgreen Company ("Walgreen") has submitted a Supplemental Memorandum in Support of its Motion to Dismiss arguing that Skilstaf has not adequately plead its unjust enrichment claim against Walgreen because Skilstaf does not allege wrongful conduct by Walgreen. Walgreen's argument is based on a fundamental misinterpretation of California law on unjust enrichment. Contrary to Walgreen's contention, Skilstaf is *not* required to allege or prove deliberate misconduct in order to prevail on its unjust enrichment or money had and received claims.

### A. Unjust Enrichment Does *Not* Require Wrongful Conduct.

Walgreen acknowledges the very simple elements of an unjust enrichment claim under California law. This Court, citing the California Court of Appeal, has recited the elements of unjust enrichment as "receipt of a benefit and unjust retention." *Cruz v. United States*, 387 F. Supp. 2d 1057, 1061 (N.D. Cal. 2005) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 5th 723, 726, 91 Cal. Rptr. 2d 881 (2000)). *See also Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637 at *8 (S.D. Cal. Sept. 4, 2009) (acknowledging the minimal pleading requirements by stating that "[a] claim for unjust enrichment requires pleading 'the receipt of a benefit and the unjust retention of the benefit at the expense of another.'") (quoting *Lectrodryer*, 77 Cal. App. 4th at 726).

California law does *not* require Skilstaf to plead fraud or intentional misconduct by Walgreen. On the contrary, only two elements must be pleaded – receipt of benefit and unjust retention. In fact, the oft-cited *Lectrodryer* court expressly acknowledged that a plaintiff is "***not required to demonstrate wrongful conduct by a defendant in order to prove unjust enrichment***." *Lectrodryer*, 77 Cal. App. 4th at 727, n.2 (emphasis added).[1]

---

[1] Although Walgreen does not cite any law from Alabama, where Skilstaf has its principal place of business, the result would be the same. The Alabama Supreme Court has expressly acknowledged that unjust enrichment does not necessarily require proof of fraud or misconduct by the defendant. In *State Farm Fire & Cas. Co. v. Evans*, 956 So.2d 390, 400 (Ala. 2006), the Alabama Supreme Court stated:

- 2 -

Plaintiff's Response to Defendant Walgreen Co.'s Supplemental Memorandum in Support of Motion to Dismiss –
Action No. 3:09-cv-02514-SI

The basic premise underlying Walgreen's position – that the Complaint fails to state a claim against Walgreen because it "contains no allegation that Walgreen committed any wrongdoing" – is fundamentally flawed. Walgreen's Supplemental Memorandum [Doc. 80] at 1. California law specifically rejects this position. *See* Plaintiff's Opposition to Defendants' Motions to Dismiss at Part III.B.2 (discussing additional case law holding that a plaintiff need not allege wrongful conduct by a defendant to assert unjust enrichment or money had and received claims).

**B.  Walgreen's Case Law is Off-Point.**

Walgreen distorts the facts and holding of a single California decision in an effort to support its argument. In *City of Hope National Medical Center v. Superior Court*, 8 Cal. App. 4th 633 (Cal. Ct. App. 1992), the court rejected an unjust enrichment claim by an insurance company seeking a refund of payments it had made to a hospital for medical services. As the court described its holding, *City of Hope* decides only "the narrow issue [of] . . . whether, in the absence of fraud, an insurer may recover from a health care provider payments made under the mistaken

---

In order to prevail on claims of unjust enrichment and money had and received, "the plaintiffs must establish that the defendants hold money that, in equity and good conscience, belongs to the plaintiffs, ***or*** that the defendants hold money that was improperly paid to the defendants because of mistake or fraud."

*Id*. at 400 (emphasis added) quoting *Funliner of Ala. L.L.C. v. Pickara*, 873 So. 2d 198, 209 (Ala. 2003). *Evans* properly restated the longstanding rule that there are two ways to prevail on unjust enrichment and money had and received claims. A plaintiff may show ***either*** that the defendant holds money that in equity or fairness belongs to the plaintiffs ***or*** that the defendant possesses money which was improperly paid because of some mistake or fraud. *Id. See also Avis Rent A Car Systems, Inc. v. Heilum*, 876 So. 2d 1111, 1122-23 (Ala. 2003); *Michell v. H&R Block, Inc.*, 783 So. 2d 812, 817 (Ala. 2000) (quoting *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986)); *Dickinson v. Cosmos Broadcasting Co.*, 782 So. 2d 260, 266 (Ala. 2000); *Cheminova v. Corker*, 779 So. 2d 1175, 1181-82 (Ala. 2000). Judge Robert Vance of the Jefferson County, Alabama Circuit Court also acknowledged that unjust enrichment does not require proof of mistake or fraud in certifying a class action under an unjust enrichment claim: "[A]n unjust enrichment claim need not include fraud or mistake-of-fact as an essential element. Rather, the gravamen of an unjust enrichment claim can simply be that a defendant holds money that 'in equity and good conscience belongs to plaintiffs.'" *Blue Cross/Blue Shield v. Wyeth*, 2006 WL 1241019 at *9 (Ala. Cir. Ct. Feb. 27, 2006) (quoting *Mitchell v. H&R Block, Inc.*, 783 So. 2d 812, 817 (Ala. 2000)).

- 3 -

belief that the patient's treatment was covered under a policy issued by the insurer to the patient." *Id.* at 636.

As acknowledged by the court, the insurance carrier made a coverage determination mistake and paid for medical care that was not covered by the policy. Upon realizing its mistake, the insurer sought a refund. Under those narrow circumstances, the court held that the hospital need not refund the payments. In reaching this determination, the court followed similar decisions involving the narrow issue of coverage determinations where the courts placed "the burden for determining the limits of policy liability squarely upon the only party (as between the insurer and the assignee hospital) in a position to know the policy provisions and its liability under that contract of insurance." *Id.* at 636-37 (quotation and citation omitted).

Unlike *City of Hope*, there is nothing in this case to suggest that Skilstaf or any class member was in a better position than Walgreen to discover the mistaken overpayments that resulted from the alleged fraud. To the contrary, if any party were in a better position to know about the inflation of the prices of prescription drugs, it was the pharmacies, not third-party payors like Skilstaf. There is simply no factual similarity between this case and the *City of Hope* case. Moreover, the *City of Hope* court clearly instructed that its holding was limited to the very "narrow issue presented." *Id.* at 636. Therefore, Walgreen's "center-piece" case fails to support its position.

**C.  Skilstaf Adequately Alleges an Unjust Enrichment Claim Against Walgreen.**

Despite Walgreen's protests to the contrary, Skilstaf has clearly plead a viable unjust enrichment claim. Walgreen ignores the myriad allegations throughout Plaintiff's ninety-four (94) page Complaint that pertain to the retail pharmacy Defendants. The Complaint explains in extraordinary detail how these Defendants, including Walgreen, benefited from the unjust and unwarranted increase in the "spread" between the wholesale acquisition price (WAC) and the

- 4 -

average wholesale price (AWP) for prescription drugs. In addition, Count III (Unjust Enrichment) sets forth, among others, the following allegations:

- "Defendants [including Walgreen] have profited and benefited from overpayments Plaintiff and Class Members made at their expense for Marked-Up Drugs." Complaint [Doc. 1] at ¶ 337.

- "At the time they made these overpayments, Plaintiff and the other members of the Class expected that the listed prices for branded prescription drugs were accurate and not falsely inflated." *Id.* at ¶ 338.

- "Defendants have voluntarily accepted and retained these overpayments to which they were not entitled." *Id.* at ¶ 339.

- "Even if a particular Defendant was not aware of the scheme, each Defendant knowingly received, accepted, appreciated and retained a benefit directly from Plaintiff and Members of the Class under circumstances where it would be inequitable for the Defendant to retain the benefit." *Id.* at ¶ 339.

- "Plaintiff and members of the Class overpaid Defendants for Marked-Up Drugs under a mistake of fact or a misreliance on a right or duty in that they properly and reasonably relied upon First Data's representations regarding the accuracy of AWPs and this the accuracy of the claims submitted by Defendants." *Id.* at ¶ 341.

- "There is no justification for Defendants' unjust enrichment as they have received a windfall in the form of overpayments." *Id.* at ¶ 343.

These allegations, along with the other ninety-two (92) pages of allegations which provide record evidence of the fraud that is alleged to have inflated the prices of the drugs at issue, clearly meet the minimal pleading requirements for unjust enrichment of "receipt of a benefit" and "unjust retention." *Ibarra,* 2009 WL 2901637 at *8.

- 5 -

Plaintiff's Response to Defendant Walgreen Co.'s Supplemental Memorandum in Support of Motion to Dismiss –
Action No. 3:09-cv-02514-SI

## **CONCLUSION**

For the foregoing reasons, Walgreen's Motion to Dismiss should be denied.

Dated: November 13, 2009

/s/ James L. Ward, Jr.
James L. Ward, Jr.
Robert S. Wood
**RICHARDSON, PATRICK,**
**WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
(843) 727-6500
(843) 216-6509 (facsimile)

R. Bryant McCulley
**MCCULLEY MCCLUER PLLC**
One Independent Drive, Suite 3201
Jacksonville, FL 32202
(904) 482-4073
(904) 354-4813 (facsimile)

Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
1109 Van Buren Avenue
Oxford, MS 38655
(662) 236-1401
(662) 234-1974 (facsimile)

Walker Percy Badham III
Brannon J. Buck
**BADHAM & BUCK LLC**
2585 Wachovia Tower,
420 20th Street North
Birmingham, AL 35203-5200
(205) 521-0036
(205) 521-0037 (facsimile)

Larry W. Morris
Randall Stark Haynes
**MORRIS, HAYNES & HORNSBY**
131 Main Street
P.O. Box 1660
Alexander City, AL 35011
(256) 329-2000
(256) 329-2015 (facsimile)

- 6 -

Plaintiff's Response to Defendant Walgreen Co.'s Supplemental Memorandum in Support of Motion to Dismiss –
Action No. 3:09-cv-02514-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Terry O'Reilly
Jim Collins
John Kristensen
**OREILLY COLLINS**
1900 O'Farrell Street, Suite 360
San Mateo, CA 94403
(650) 358-5901
(650) 358-2575 (facsimile)

*Attorneys for Plaintiff and the Proposed Class*