1 **McDERMOTT WILL & EMERY LLP**
ROBERT P. MALLORY (SBN 048287)
2 MATTHEW OSTER (SBN 190541)
2049 Century Park East, 38th Floor
3 Los Angeles, CA 90067-3208
Telephone: 310.277.4110
4 Facsimile: 310.277.4730

5 Attorneys for Defendant
WALGREEN CO.

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SKILSTAF, INC., on behalf of itself and all others similarly situated, | CASE NO. CV 09-2514 (SI) |
| 12 | **WALGREEN CO.'S** |
| Plaintiff, | **SUPPLEMENTAL REPLY** |
| 13 | **MEMORANDUM OF POINTS AND** |
| v. | **AUTHORITIES IN SUPPORT OF** |
| 14 | **DEFENDANTS' MOTION TO** |
| CVS CAREMARK CORP.; LONGS | **DISMISS** |
| 15 DRUG STORE CORPORATION; THE KROGER CO.; NEW | [Combined Reply Memorandum of |
| 16 ALBERTSON'S INC.; SUPERVALU, | Points and Authorities Filed |
| INC.; WALGREEN CO., and WAL- | Concurrently] |
| 17 MART STORES, INC., | |
| | Date: January 15, 2010 |
| 18 Defendants. | Time: 9:00 a.m. |
| | Courtroom: 10, 19th Floor |
| 19 | |
| | Judge: Hon. Susan B. Illston |
| 20 | Complaint Filed: June 5, 2009 |

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Skilstaf, Inc.'s ("Skilstaf's") opposition to defendant Walgreen Company's ("Walgreens'") supplemental[1] memorandum of points and authorities in support of defendants' motion to dismiss is premised on a fundamental mischaracterization of Walgreens' argument.  Rather than arguing that Skilstaf must plead wrongful conduct, Walgreens argues that Skilstaf's complaint establishes it would not be <u>unjust</u> for Walgreens to keep the payments at issue because Walgreens gave value for the payments (prescriptions provided to the beneficiaries) and had no notice of any alleged "mistake" by Skilstaf.  Skilstaf does not dispute that its complaint establishes these facts, nor does it provide authority contrary to that cited in Walgreens' memorandum.  Skilstaf also neither seeks leave to amend nor claims it could cure its claims if given the opportunity.  All claims against Walgreens, therefore, should be dismissed from this action, with prejudice.

Skilstaf's opposition brief admits that the elements of its sole claim against Walgreens for unjust enrichment are "receipt of a benefit and unjust retention." Opposition at 2:12-13.  Skilstaf also admits that these elements are required under the law of all potentially relevant jurisdictions.  *Id.* at fn. 1.  In its supplemental memorandum, however, Walgreens explained that the "unjust retention" element cannot be ignored: "the 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'"  *Marina Tenants Assn. v. Deauville Marina Development Co.*, 181 Cal. App. 3d 122, 134 (1986) (internal citation omitted).  As was explained in *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657 (1992), "[while] restitution may be required when the person benefitting from another's mistake knew about the mistake and the circumstances surrounding

---

[1]    The defendants' omnibus reply memorandum of points and authorities and other defendants' supplemental reply memoranda of points and authorities discuss several grounds for dismissal of the only claim asserted against Walgreens, the third cause of action for Unjust Enrichment / Money Had and Received.  Any one of those grounds should lead to dismissal of all claims against Walgreens, and Walgreens joins in those briefs.  This memorandum is intended to supplement those discussions by briefly addressing the specific issue of Walgreens' innocence.

- 1 -

SUPPLEMENTAL REPLY MPA IN
SUPPORT OF MOTION TO DISMISS

the unjust enrichment . . ., innocent recipients may be treated differently than those persons who acquire a benefit with knowledge." *Id.* at 1663-64. Here, it would not be unjust for Walgreens to retain the payments because Walgreens gave value for the money paid (prescriptions provided to the beneficiaries) and had no notice of any alleged "mistake" by Skilstaf. Restatement 1st of Restitution, § 17 ("A person who has paid money to another in the performance of an agreement with a third person is entitled to restitution from the other if, because of fraud or mistake, the agreement or transfer was ineffective or was voidable and has been avoided, unless the other gave value therefor or changed his position, without notice of the cause of avoidance."); *City of Hope Nat'l Medical Center v. Superior Court*, 8 Cal. App. 4th 633, 637 (1992) ("[s]tated plainly, if it's your mistake, you get to pay for it – unless the recipient misled you or accepted the payment knowing you didn't owe it"); *Federated Mutual Ins. Co. v. Good Samaritan Hosp.*, 191 Neb. 212, 214 N.W.2d 493, 495 (1974) (similar); *Lincoln Nat'l Life Ins. Co. v. Brown Schools, Inc.*, 757 S.W.2d 411, 414 (Tex.Civ.App. 1988) (similar); *National Ben. Admrs. v. Mississippi Methodist Hosp. & Rehabilitation Ctr., Inc.*, 748 F. Supp. 459, 465-66 (S.D. Miss. 1990) (similar); *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 438 S.E.2d 149, 152 (Ga. App. 1993) (similar); *St. Mary's Medical Ctr., Inc. v. United Farm Bureau Family Life Ins. Co.*, 624 N.E.2d 939, 942 (Ind. Ct. App. 1993) (similar); *compare Fidelity Mut. Life Ins. Co. v. Clark*, 203 U.S. 64, 71 (1906) ("When property has been obtained by fraud, its true owner may recover it from any person except a *bona fide* purchaser for value, without notice [of the fraud].").

Skilstaf's opposition does not respond to this explanation, nor does it identify any contrary authority. Indeed, all Skilstaf's opposition contains is a citation to irrelevant pleadings and an attempt to differentiate one case – *City of Hope Nat'l Medical Center v. Superior Court*, 8 Cal. App. 4th 633 (1992). The pleadings Skilstaf cites, however, do not address the two relevant issues: 1) Walgreens'

1    giving value for the money paid (prescriptions provided to the beneficiaries), and

2    (2) Walgreens' lack of notice of Skilstaf's alleged "mistake." Opposition at 5.

3         The decision in *City of Hope*, moreover, does not turn on the identity of the

4    defendant as an insurer, as Skilstaf claims. Opposition at 4. Instead, the *City of*

5    *Hope* decision explains that:

6         "[a]s a general rule, equitable concepts of unjust enrichment dictate

7         that when a payment is made based upon a mistake of fact, the payor is

8         entitled to restitution unless the payee has, in reliance on the payment,

9         materially changed its position. ( Rest., Restitution (1937) § 1.)

10        Restitution will be denied, however, if the mistaken payment is made

11        to a *bona fide* creditor of a third person--a creditor without fault

12        because it made no misrepresentations to the payor and because it had

13        no notice of the payor's mistake at the time the payment was made.

14        (Rest., Restitution, supra, § 14, subd. (1); *see Holmes v. Steele* (1969)

15        269 Cal.App.2d 675, 678-679 [75 Cal.Rptr. 216].) Stated plainly, if

16        it's your mistake, you get to pay for it--unless the recipient misled you

17        or accepted the payment knowing you didn't owe it."

18   *Id*. at 637 (emphasis provided). This statement of the law is not limited to insurers

19   in any way. Indeed, it undeniably applies here because Skilstaf's complaint

20   establishes that Walgreens is a "*bona fide* creditor of a third person--a creditor

21   without fault because it made no misrepresentations to the payor and because it had

22   no notice of the payor's mistake at the time the payment was made." Notably,

23   Skilstaf makes no effort whatsoever to address the other case law cited by

24   Walgreens, the authority relied upon by the *City of Hope* Court, or the Restatement

25   1st of Restitution, all of which hold that restitution for unjust enrichment is <u>not</u>

26   available where, like here, the defendant "gave value therefor or changed his

27   position, without notice of the cause of avoidance." Restatement 1st of Restitution

28

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    at § 17.  The law is clear that, according to Skilstaf's complaint, Walgreens is not

2    subject to restitution based on unjust enrichment.

3        As Walgreens previously explained, it would be bad public policy and

4    contrary to established law were this Court to expand the unjust enrichment law to

5    allow innocents like Walgreens to suffer the burdens (time and expense) of

6    defending unjust enrichment suits where they delivered goods to beneficiaries and

7    were paid the negotiated amount without any knowledge or control over the third

8    party payors' allegedy mistaken assumptions.  *See*, *e.g.*, Fed. R. Civ. Proc. 1 (the

9    Rules are to "be construed and administered to secure the just, speedy, and

10   inexpensive determination of every action and proceeding.")

11       All claims against Walgreens should be dismissed from this action, with

12   prejudice, because the complaint does not contain facts sufficient to allege a cause

13   of action against Walgreens and Skilstaf cannot cure this defect by amendment.

14

15   Dated:    December 18, 2009          McDERMOTT WILL & EMERY LLP

16

17                                        By:  /s/ Matt Oster
                                          _____
18                                        MATT OSTER
                                          Attorneys for WALGREEN CO.
19

20

21

22

23

24

25

26

27

28