1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC.,<br><br>    Defendants. | CASE NO. CV 09-2514 SI<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS SKILSTAF, INC.'S COMPLAINT**<br><br>Date:    January 15, 2010<br>Time:   9:00 a.m.<br>Ctrm:   10<br>Judge:  Hon. Susan Illston |

Defendants CVS Caremark Corp. ("CVS Caremark"), Longs Drug Stores Corporation n/k/a Longs Drug Stores, L.L. C. ("Longs"), Supervalu, Inc. ("SuperValu"), New Albertson's Inc. ("New Albertson's"), Safeway, Inc. ("Safeway"), Wal-Mart Stores, Inc. ("Wal-Mart"), Walgreen Co. ("Walgreens"), The Kroger Co. ("Kroger"), and Rite Aid Corporation ("Rite Aid"), (collectively "Defendants") submit this Supplemental Request for Judicial Notice ("Supplemental Request"), and state as follows.

1. On September 11, 2009, in connection with their Motion to Dismiss Skilstaf, Inc.'s Complaint, Defendants requested that the Court take judicial notice of certain documents identified as Exhibits A-H (Doc. 75). Through this Supplemental Request, Defendants request that the Court take judicial notice, pursuant to Rule 201 of Federal Rules of Evidence, of the Memorandum and Order dated November 5, 2009 in *New England Carpenters Health Benefits, et al. v. First DataBank, Inc. and McKesson Corporation*, Civil Action No. 05-11148-PBS, United States District Court, District of Massachusetts, a true and correct copy of which is attached hereto as Exhibit I (the "November 5, 2009 Memorandum and Order").

2. Rule 201 of the Federal Rules of Evidence provides that, upon request, a court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. Accordingly, a court may take judicial notice of records and files of state and federal courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1(9th Cir. 2004) (court may take judicial notice of the records of state agencies and other undisputed matters of public record); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of matters of public record'") (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in different action by one of the parties); *Piper v. RGIS Inventory Specialists, Inc.*, No. C-07-00032, 2007 WL 1690887, at *1 n.1 (N.D. Cal. June 11, 2007) (taking judicial notice of pleadings in two cases filed in another district court).

3. Because the records and files of the United States District Court for the District of Massachusetts are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, Defendants respectfully request that the Court take judicial notice of the November 5, 2009 Memorandum and Order attached hereto as Exhibit I.

Respectfully submitted,

Dated: December 18, 2009

SONNENSCHEIN NATH & ROSENTHAL LLP

/s/ *Steven H. Frankel*
Steven H. Frankel, State Bar No.171919
C. Michael Moore (admitted *pro hac vice*)
Sandra D. Hauser (admitted *pro hac vice*)
Drew W. Marrocco (admitted *pro hac vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant, Wal-Mart Stores, Inc.

Dated: December 18, 2009

MUNGER TOLLES & OLSON LLP

/s/ *Michael Robert Doyen*
Gregory P. Stone, State Bar No. 078329
Michael Robert Doyen, State Bar No. 119687
Lynn H. Scaduto, State Bar No. 205291
Carolyn Hoecker Luedtke, State Bar No. 207976
Yuval Miller, State Bar No. 243492
MUNGER TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant, Safeway, Inc.

CASE NO. CV 09-2514 SI - 2 - DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

17660918\V-1

| | | |
|---|---|---|
| 1 | Dated:  December 18, 2009 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | /s/ Page R. Barnes<br>Page R. Barnes, State Bar No. 154539 |
| | | Tami S. Smason. State Bar No. 120213 |
| 4 | | Robert H. Griffith (admitted *pro hac vice*) |
| 5 | | FOLEY & LARDNER<br>One Maritime Plaza, Suite 600 |
| 6 | | San Francisco, CA 94111<br>Telephone:  (415) 438-6456 |
| 7 | | |
| 8 | | Attorneys for Defendants<br>CVS Caremark Corp. and Longs Drugs Stores |
| 9 | | Corporation |
| 10 | Dated:  December 18, 2009 | HOGAN & HARTSON LLP |
| 11 | | |
| 12 | | /s/ Laurence A. Weiss |
| 13 | | Laurence A. Weiss, State Bar No. 164638<br>Kristi Kaye Elder, State Bar No. 231996 |
| 14 | | HOGAN & HARTSON LLP<br>525 University Avenue, 4th Floor |
| 15 | | Palo Alto, CA 94301<br>Telephone:  (650) 463-4000 |
| 16 | | Facsimile:  (650) 463-4199 |
| 17 | | Attorneys for Defendant, The Kroger Co. |
| 18 | | |
| 19 | Dated: December 18, 2009 | MCDERMOTT WILL & EMERY LLP |
| 20 | | |
| 21 | | /s/ Matt Oster<br>Matt Oster, State Bar No. 190541 |
| 22 | | MCDERMOTT WILL & EMERY LLP<br>2049 Century Park East, 38th Floor |
| 23 | | Los Angeles, CA  90067<br>Telephone:  (310) 277-4730 |
| 24 | | Facsimile:  (310) 277-4730 |
| 25 | | Attorneys for Defendant, Walgreen Co. |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: December 18, 2009 | NIXON PEABODY LLP |
| 2 | | |
| 3 | | /s/ Robert Ahlefeld Weikert |
| | | Robert Ahlefeld Weikert, State Bar No. 121146 |
| 4 | | NIXON PEABODY LLP |
| | | One Embarcadero Center, 18th Floor |
| 5 | | San Francisco, CA 94111-3600 |
| | | Telephone: (415) 984-8385 |
| 6 | | Facsimile: (866) 294-8842 |

Fred A. Kelly, Jr. (admitted *pro hac vice*)
David M. Ryan (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

Attorneys for Defendants
New Albertson's, Inc. and Supervalu Inc.

Dated: December 18, 2009            MORGAN, LEWIS BOCKIUS LLP


                                    /s/ Peter Buscemi
                                    Peter Buscemi, State Bar. No. 255213
                                    Thomas A. Schmutz (admitted *pro hac vice*)
                                    Susannah R. Henderson (admitted *pro hac vice*)
                                    MORGAN LEWIS BOCKIUS LLP
                                    One Market, Spear Street Tower
                                    San Francisco, CA 94105
                                    Telephone: (415) 442-1000
                                    Facsimile: (415) 442-1001

Attorneys for Defendant, Rite Aid Corporation

## GENERAL ORDER 45 CERTIFICATION

I, Steven H. Frankel, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrence to the filing of this document has been obtained from each signatory.

Dated: December 18, 2009

SONNENSCHEIN NATH & ROSENTHAL LLP

*/s/ Steven H. Frankel*
Steven H. Frankel, State Bar No.171919
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
sfrankel@sonnenschein.com

Attorneys for Defendant
Wal-Mart Stores, Inc.

CASE NO. CV 09-2514 SI — - 5 - — DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

17660918\V-1

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
NEW ENGLAND CARPENTERS HEALTH  )
BENEFITS FUND, et al.,         )
                               )
          Plaintiffs,          )
                               )
     v.                        )   CIVIL ACTION NO. 05-11148-PBS
                               )
FIRST DATABANK, INC. and       )
McKESSON CORPORATION,          )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

November 5, 2009

Saris, U.S.D.J.

## I. Introduction

Third-Party Payor ("TPP") class member Health Management Associates, Inc. ("HMA") has moved for relief under Fed. R. Civ. P. 60(b) from the Court's judgment granting final approval of the settlement in this case. HMA argues it is entitled to relief on the ground of excusable neglect under Fed. R. Civ. P. 60(b)(1) or on the ground that the judgment is void for lack of due process under Fed. R. Civ. P. 60(b)(4). HMA requests that the Court issue a second class settlement notice with a 90-day opt-out period, and re-open the time for class members to object to the settlement. In the alternative, HMA seeks leave to intervene. Class Plaintiffs and McKesson have opposed HMA's request for

relief and for leave to intervene. For the reasons discussed below, HMA's motion is **DENIED**.

## II. Background

As background, plaintiffs have asserted that defendants First DataBank, Inc. ("FDB"), a drug pricing publisher, and McKesson Corporation, a drug wholesaler, engaged in a racketeering enterprise to fraudulently increase the published "average wholesale price" ("AWP") of over four-hundred branded drugs by five percent from late 2001 to 2005 in violation of 18 U.S.C. § 1962 and state law. The full factual background of the allegations are set forth in the Court's Memorandum and Order of March 17, 2009. New England Carpenters Health Benefits Fund v. First Databank, Inc., 602 F. Supp. 2d 277 (D. Mass. 2009); see also New England Carpenters Health Benefits Fund v. First Databank, Inc., 244 F.R.D. 79 (D. Mass. 2007).

On June 5, 2009, Skilstaf, Inc., a TPP, filed a motion for clarification of, or in the alternative, limited objection to the release by the class of the right to sue retail pharmacies separately. Specifically, it objected to the release of "any other person" in Section 15 of the Settlement Agreement. Skilstaf had previously filed a class action complaint against certain pharmacies for unjust enrichment in the Northern District of California. At the fairness hearing on July 23, 2009, McKesson argued that the provision was essential because it buys

complete peace from having to contribute to judgments that might be entered against retail pharmacies.

No other TPP objected to the provision, and there was no TPP objection to the settlement. Indeed, independently represented TPPs comprising thirty percent of the country's TPP market filed a brief in support of the settlement following Skilstaf's objection. In response to Skilstaf's objection, McKesson agreed to add language to the proposed order and final judgment, later adopted by the Court, that "[t]o the extent otherwise permitted by law, nothing in the foregoing Order precludes Skilstaf from raising the same contentions before another court to determine the enforceability or applicability of the 'any other person' language in Paragraph 15 of the Settlement Agreement." The Court declined to strike or otherwise clarify the "any other person" language. The Court granted Skilstaf ten days to opt out of the settlement, but, with the amended language in place, it chose to withdraw its motion.

On August 3, 2009, the Court allowed the parties' motion for final approval of a nationwide class settlement of $350,000,000 as being fair, reasonable, and adequate.

HMA moved for relief from the Court's order on August 21, 2009, and the Court entered a final judgment on August 31, 2009. Although HMA moved for relief from the Court's order granting final approval of the settlement, the Court treats the motion as

directed at the final judgment entered on August 31, 2009.

### III. Discussion

**A.   Rule 60(b)**

Under Rule 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Pursuant to Rule 60(b)(1), a court may relieve a party from a judgment on account of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The reason for a [movant's] delay is a critical factor in the excusable neglect inquiry." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). "Mere errors of law, including a party's misunderstanding as to the legal impact of a stipulation or settlement are not a basis for granting relief under the rule." Fed. Home Loan Mortgage Corp. v. Chicago Title & Trust Co., 1995 WL 330872, at *2 (N.D. Ill. May 30, 1995) (citations omitted); Nemaizer v. Baker, 793 F.2d 58, 62-63 (2d Cir. 1986) (holding that counsel's error in not contemplating the breadth of a stipulation dismissing a claim does not constitute mistake, inadvertence, surprise or excusable neglect for purposes of Rule 60(b)).

HMA's primary argument is that its delay in raising its objection amounts to excusable neglect because the covenant not to sue unexpectedly released future claims against unnamed parties. The notice was not a paragon of clarity. Section 15 of

4

the agreement releases any claims against "the Released Parties," which are defined as McKesson and its related entities, but is followed by the covenant not to sue, which precludes class members from seeking to establish liability against any Released Party, as well as "any other person." While the section of the settlement notice titled "What entities am I releasing?" only lists McKesson and its related entities, the section titled "What claims am I specifically giving up?" includes the "any other person" language from the Covenant. HMA argues that it must be excused because it did not understand the implications of the "any other person" language in the Covenant.

However, failure to understand the "legal consequences" of a provision in a settlement agreement prohibiting the assertion of claims "is not a basis for vacating a judgment." In re Carlton Concrete Corp., 2008 WL 4443233, at *8 (E.D.N.Y. Sept. 26, 2008). Here, the settlement notice quoted the challenged release provision in its entirety. Although the Court was caught somewhat off guard by the release, this was the result of the Court's lack of awareness of the Skilstaf litigation or any other pending litigation against retail pharmacies, or even any legitimate grounds for such claims. While HMA contends that its claims are not time-barred, many (if not all) of its potential claims as explained to this Court almost certainly are, and it cites no authority supporting its contention that it is entitled

5

to equitable tolling of those claims on the basis of this lawsuit. The <u>American Pipe</u> doctrine is simply inapplicable because the claims are different and are directed against a different set of defendants. <u>Cf.</u> <u>Crown, Cork & Seal, Co. v. Parker</u>, 462 U.S. 345, 349-53 (1983) (noting that tolling due to class actions is justified because class actions "put defendants on notice of adverse claims").

Nevertheless, unlike the Court, HMA seems to have firmly believed in the value of pursuing unjust enrichment or RICO claims against unnamed pharmacies. HMA admits that it was aware of pharmacy wrongdoing by August 2008 at the latest. While it has taken no action in pursuit of its claims against pharmacies, or even preliminary steps in such a process, HMA appears to have been aware of the Skilstaf litigation and was interested in maintaining "its leverage in negotiating with pharmacies to return overpayments improperly received [which] is derived entirely from the threat of litigation -- that it may bring a lawsuit in the future if discussions are unproductive."

Given its awareness of these alleged claims and its interest in the Skilstaf litigation and the threat of similar litigation, HMA's failure to understand the release language, or at least to raise a concern with the Court regarding it, cannot constitute excusable neglect. The Court may have been somewhat surprised because it lacked awareness of any pending claims. Given HMA's

knowledge of and interest in such claims, however, the fact that the settlement notice quoted the challenged release provision was sufficient to put HMA on notice. Nevertheless, HMA chose not to attend the fairness hearing, and, although it had almost two months between the filing of Skilstaf's objection and the entry of the Court's order finally approving the settlement, did not object within that time frame. HMA's neglect thus was not excusable, and the Court will not relieve HMA from the judgment pursuant to Rule 60(b)(1).

For similar reasons, HMA's argument under Rule 60(b)(4) also fails. HMA claims that the judgment is void for lack of due process under Rule 60(b)(4) because the settlement notice and the named plaintiffs' representation of its interests were inadequate. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Due process can be satisfied where the settlement notice sets forth the release provision verbatim, even if it is a release that extends to claims asserted in other related litigation. See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 115-16 (2d Cir. 2005). "The fact that the release provisions of the settlement agreement may have ramifications on disputes between the parties which were not part

7

of the class claims does not require discussion or disclosure of such ramifications in either the Notice of Settlement or the settlement agreement itself." O'Brien v. Nat'l Prop. Analysts Partners, 739 F. Supp. 896, 902 (S.D.N.Y. 1990). "[D]ue process [does not] require[] further explanation of the effects of the release provision in addition to the clear meaning of the words of the release." Id.

Under the circumstances here, HMA received sufficient notice. HMA was aware of its alleged claims against retail pharmacies and was actively interested in litigation, or at least the threat of litigation, asserting those claims. Given that, the notice here, quoting the release verbatim, was sufficient to give HMA notice of the scope of the settlement's release, and HMA's due process claim fails.

HMA was also adequately represented by the Class Plaintiffs. Class members are generally adequately represented when the individual plaintiffs "possess the same interest and suffer the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (quotation marks and citations omitted). As the Court has already found, Class Plaintiffs in this case possess the same interests and suffered the same injuries as all the other members of the class, including HMA. Whatever rights HMA claims to have in Skilstaf's class action are possessed equally by the Class Plaintiffs. See

8

Wal-Mart Stores, 396 F.3d at 111 (finding adequate representation where class plaintiffs released claims of classes of which they were also members). HMA's dissatisfaction with the settlement, if it truly is dissatisfied with the settlement, does not change this alignment of interests. The TPP Class was represented by experienced counsel, who noted at the final approval hearing that "it would not serve third-party payor class members' interests to delay this by months. What is obvious to me from my communications with many third-party payors is, they're very eager to have this settlement close and collect their share of the $288 million." Although HMA may disagree with the preferences of the other members of the class, HMA's interests are aligned with the interests of the Class Plaintiffs, and HMA was thus adequately represented. Its claim under Rule 60(b)(4) thus fails.

As such, the Court **DENIES** HMA's motion pursuant to Fed. R. Civ. P. 60.

### B.   Rule 24

HMA seeks in the alternative to be granted permission to intervene. Whether intervention is sought as a matter of right under Rule 24(a) or permissively under Rule 24(b), a motion to intervene must be "timely." Fed. R. Civ. P. 24. HMA's motion is not.

To assess the timeliness of a motion to intervene, courts

consider:

> (i) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene; (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against intervention.

Caterino v. Barry, 922 F.2d 37, 40 (1st Cir. 1990) (quoting United States v. Metro. Dist. Comm'n, 865 F.2d 2, 5 (1st Cir. 1989)).

As discussed above, given HMA's knowledge regarding its alleged claims and its interest in litigating and threatening litigation regarding those claims, HMA reasonably should have known of its interest as soon as it received the settlement notice quoting the provision verbatim. Instead, HMA waited until after the Court approved the settlement. The first factor thus militates strongly in favor of finding the motion untimely.

The second factor also indicates untimeliness. Allowing HMA to intervene at this late stage, post-settlement, would unduly delay the disbursement of the eye-popping settlement funds to TPPs (representing the third largest civil RICO settlement in history), who are eagerly awaiting them, and who have indicated their eagerness to receive the funds even after Skilstaf's objection. Even HMA has not expressed a desire to opt out of the settlement, somewhat unsurprising given its claim of $13,588,319.83. Allowing HMA to intervene at this stage might

also undermine the settlement process. The significant prejudice caused by HMA's failure to petition for intervention promptly thus weighs in favor of a finding of untimeliness.

Finally, HMA can show very little prejudice. As discussed above, HMA's only interest is its right to pursue unjust enrichment claims against retail pharmacies, the majority (if not all) of which are likely time-barred. HMA has not even expressed a desire to opt out of the settlement. Whatever HMA's interest is worth, it is outweighed by the first two factors.

Given these considerations, HMA's motion in the alternative to intervene under Rule 24 is untimely, and is thus **DENIED**.

### ORDER

HMA's motion [Docket No. 825] is **DENIED**.

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE