LAURENCE A. WEISS (Cal. Bar No. 164638)
laweiss@hhlaw.com
KRISTI K. ELDER (Cal. Bar No. 231996)
kelder@hhlaw.com
HOGAN & HARTSON LLP
525 University Ave, 4th Floor
Palo Alto, California 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant
THE KROGER CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORP., LONGS DRUG STORE CORPORATION, THE KROGER CO., NEW ALBERTSON'S, INC., RITE AID CORPORATION, SAFEWAY, INC., SUPERVALU, INC., WALGREEN CO., AND WAL-MART STORES, INC.,<br><br>Defendants. | Case No. CV 09-2514 SI<br>[Complaint Filed: June 5, 2009]<br><br>**SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT THE KROGER CO.**<br><br>Date: January 15, 2010<br>Time: 9:00 a.m.<br>Dept: Courtroom 10, 19th Floor<br><br>Judge: The Hon. Susan B. Illston |

## I. INTRODUCTION

Skilstaf's Opposition[1] only further highlights the deficiencies in Skilstaf's allegations with respect to Kroger. Skilstaf does not dispute that Kroger is specifically mentioned only *once* in the Complaint—in the paragraph that identifies Kroger as a defendant. Nor does Skilstaf disagree that Kroger is not alleged to have participated in, or even to have known about, any wrongful conduct by others regarding AWP. Instead, Skilstaf's principal response to Kroger's Supplemental Memorandum is to point to six generic and conclusory "unjust enrichment" allegations that fall far short of providing the required well-pleaded facts that could plausibly give rise to a conclusion that Kroger was somehow enriched—unjustly—under any applicable state's law. While Skilstaf also quibbles about the applicable pleading standard, the Opposition confirms that Skilstaf's lengthy Complaint fails to meet even the most basic Rule 8(a)(2) pleading requirement for its purported "unjust enrichment/money had and received" claim against Kroger.[2]

## II. ARGUMENT

The centerpiece of Skilstaf's Opposition is six bullet points containing excerpts of a handful of allegations that Skilstaf highlights as support for an unjust enrichment claim against Kroger. Opp. at 4-5. Of course, none of these allegations even mentions Kroger specifically. And while they are presumably the most compelling that Skilstaf has to offer with respect to Kroger, neither those allegations nor anything else in the 94-page, 348-paragraph Complaint suffice to state a claim against Kroger, for at least the following three reasons:

---

[1] In addition to the abbreviations used in Kroger's Supplemental Memorandum of Points and Authorities in Support of Motion to Dismiss, filed September 11, 2009 ("Supplemental Memorandum" or "Supp. Mem."), "Opposition" or "Opp." refers to Plaintiff Skilstaf Inc.'s Response to Defendant The Kroger Company's Supplemental Memorandum in Support of Motion to Dismiss, filed November 13, 2009, and "Joint Reply Memorandum" refers to Defendants' Reply Memorandum in Support of Motion to Dismiss, filed concurrently.

[2] The unjust enrichment claim—to the extent such a cause of action even exists under California law, *see, e.g., GA Escrow, LLC v. Autonomy Corp. PLC*, 2008 WL 4848036, at *6-7 (N.D. Cal. 2008) (J. Illston) (no cause of action in California for unjust enrichment)—also fails for the reasons set forth in the Joint Reply Memorandum. Kroger joins in all arguments in the Joint Reply Memorandum (except for those relating solely to Skilstaf's RICO claims, which are not asserted against Kroger). Kroger also joins in the arguments made in Walgreen Co.'s Supplemental Reply Memorandum.

*First*, most of the referenced allegations contend that "Defendants" received a "benefit" as a result of "inflated" payments. *See* Opp. at 4-5 (*citing* CM ¶¶ 337, 338, 339, 343). These generic "group" allegations fail for the reason mentioned in the Joint Memorandum (at 39-40) and the Reply Joint Memorandum (at 23-24): Skilstaf does not adequately allege that it actually made any supposedly inflated payment *to Kroger*. *See also* Supp. Mem. at 4. These generic allegations about benefit therefore are not "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In any event, even Skilstaf concedes that mere receipt of a benefit is not by itself sufficient under any applicable state's unjust enrichment law. *See*, *e.g.*, *Delino v. Platinum Community Bank*, 2009 WL 2366513, at *8 (S.D. Cal. July 30, 2009).

*Second*, while Skilstaf repeats its allegation that it was "under a mistake of fact" regarding the accuracy of First Databank's reporting of AWP, *see* Opp. at 4-5 (*citing* CM ¶¶ 338, 341), it literally ignores Kroger's showing that this sort of "mistake" is not sufficient, where, as here, Skilstaf does not allege that Kroger knew of any misreporting by First Databank (or of any wrongful conduct by anyone), or of Skilstaf's purported mistake. *See* Supp. Mem. at 4; *see also First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1664, 1660-70 (1992) (plaintiff required to allege defendant's knowledge of plaintiff's purported mistake, and defendant's knowledge that it was not entitled to retain loan proceeds, in order to state claim for unjust enrichment; with respect to a claimed unjust enrichment based upon another's mistake, "innocent recipients may be treated differently that those persons who acquire a benefit with knowledge"). Skilstaf's failure to respond on this point is telling.

*Third*, Skilstaf points to its conclusory allegation that any supposed benefit received by "defendants" is "unjust" or "inequitable." *See* Opp. at 4-5 (*citing* CM ¶¶ 339, 343). Of course, the Court need not accept these naked legal conclusions, even where they are "couched as a factual allegation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Here, the Complaint lacks specific *factual* allegations sufficient to permit the Court to conclude that Kroger—who is not alleged to have known of or participated in any wrongdoing—has received any "unjust" benefit. *See generally* Walgreen Co.'s Supplemental Reply Memorandum.

At bottom, the allegations highlighted in Skilstaf's Opposition do not satisfy even the most basic Rule 8 pleading standard as against Kroger.[3] *See* Supp. Mem. at 2-3 (citing cases); *see also Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *14 (N.D. Cal. Oct. 13, 2009) (recitation of the elements of unjust enrichment, without factual allegations connecting defendant to payments allegedly made by plaintiff, is insufficient).[4] Indeed, none of the cases cited by plaintiff has allowed an unjust enrichment claim to proceed in circumstances even remotely comparable to those actually pleaded against Kroger here.

Accordingly, the complaint fails to state a claim for unjust enrichment against Kroger.[5]

---

[3] Skilstaf argues that its allegations are not subject to Rule 9(b)'s heightened pleading standard. This is irrelevant because, as shown, Skilstaf's allegations against Kroger fail even the ordinary Rule 8 pleading requirements. Nevertheless, it is well-established that Rule 9(b) applies even to claims for which fraud is not an essential element if a plaintiff chooses to allege fraudulent conduct such that the claims "sound in fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-1104 (9th Cir. 2003). This pleading rule applies to state law unjust enrichment claims. *In re Actimmune Marketing Litigation*, 2009 WL 3740648, at *6, *16 (N.D. Cal. Nov. 06, 2009) (unjust enrichment claim based on fraud must satisfy Rule 9(b) particularity requirements). The cases cited by Skilstaf are not to the contrary. For example, in *Wolk v. Green*, 516 F. Supp. 2d 1121, 1133 (N.D. Cal. 2007), the Court did not apply Rule 9(b), but this is because the unjust enrichment claim there was premised upon allegations of legal malpractice, not on allegations of fraud or mistake. Moreover, Skilstaf's effort to avoid Rule 9(b) is flatly contrary to its (incorrect) contention that its unjust enrichment claim should be subject to a longer limitations period because it is "premised on" alleged fraudulent conduct. *See* Plaintiff's Opposition to Defendants' Motions to Dismiss at 27. Skilstaf cannot have it both ways.

[4] The cases cited by plaintiff do not hold to the contrary. Indeed, in one of them, *Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637, at *8 (N.D. Cal. Sept. 4, 2009), the Court dismissed an unjust enrichment claim where plaintiff had failed to allege what benefit defendant had received or that defendant had engaged in any wrongdoing.

[5] To the extent that Alabama law applies, Skilstaf's claim against Kroger also fails under Alabama law. Alabama law permits an unjust enrichment claim where a defendant retains some benefit that "in equity and good conscience" belongs to the plaintiffs, or where a defendant holds some benefit that was improperly paid to defendants because of fraud or mistake. *See State Farm Fire & Cas. Co. v. Evans*, 956 So. 2d 390, 400 (Ala. 2006). Skilstaf's allegations make plain that its unjust enrichment theory is predicated on the latter theory—that Defendants benefited as a result of a purported (albeit inadequately pleaded) "fraudulent scheme" by others and Skilstaf's supposed mistake about it. *See* Opp. at 5. As a result, Skilstaf's reliance on cases in which fraud or mistake is not alleged as the basis for an unjust enrichment claim is inapposite. Furthermore, the Complaint fails to allege facts that could support a conclusion that equity or good conscience would require restitution from Kroger.

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in the Joint Memorandum and the Joint Reply Memorandum, Kroger respectfully requests that the claim asserted against it in Plaintiff's Class Action Complaint be dismissed.

Date: December 18, 2009                    HOGAN & HARTSON LLP


                                           By: _____/s/_____
                                                Laurence A. Weiss

                                           Attorneys for Defendant
                                           THE KROGER CO.