**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TAMI S. SMASON CA Bar No. 120213
  tsmason@foley.com
   TELEPHONE: 213.972.4500
   FACSIMILE:  213.486.0065
PAGE R. BARNES CA Bar No. 154539
  pbarnes@foley.com
   TELEPHONE: 415.434.4484
   FACSIMILE:  415.434.4507

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL  60654-5313
ROBERT H. GRIFFITH, [ADMITTED PRO HAC VICE]
  rgriffith@foley.com
   TELEPHONE: 312.832.4500
   FACSIMILE:  312.832.4700

Attorneys for Defendants CVS CAREMARK CORP.
AND LONGS DRUG STORE CORPORATION
n/k/a LONGS DRUG STORES, L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKILSTAF, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORP.; LONGS DRUG STORE CORPORATION; THE KROGER CO.; NEW ALBERTSON'S, INC.; RITE AID CORPORATION; SAFEWAY, INC.; SUPERVALU, INC.; WALGREEN CO.; and WAL-MART STORES, INC.,<br><br>Defendants. | Case No: CV 09 2514 SI<br><br>**CVS CAREMARK CORPORATION'S SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>[Combined Reply Memorandum of Points and Authorities Filed Concurrently]<br><br>**DATE: JANUARY 15, 2010**<br>**TIME: 9:00 A.M.**<br>**COURTROOM 10**<br><br>HONORABLE SUSAN ILLSTON<br><br>COMPLAINT FILED: JUNE 5, 2009 |

SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CVS
CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1668276.1


# MEMORANDUM OF POINTS AND AUTHORITIES[1]

Plaintiff Skilstaf, Inc.'s ("Skilstaf") opposition to defendant CVS Caremark Corporation's ("CVS Caremark") supplemental memorandum of points and authorities in support of its motion to dismiss improperly and belatedly attempts to broaden the assertions set forth in the complaint, while ignoring the complaint's actual limited allegations concerning the purported basis for seeking to hold CVS Caremark liable – *i.e.*, its parent company status.  Skilstaf's last ditch effort to recast its allegations in hopes of saving its claim against CVS Caremark is unavailing.

## I. Skilstaf Has Failed To Sufficiently Allege Any Claim Against CVS Caremark.

In response to CVS Caremark's supplemental memorandum, Skilstaf now tries to expand the allegations and theories in the complaint, claiming that it does not just seek to hold CVS Caremark liable as a result of its parent company status, but that it believes that it has also made "direct claims" against CVS Caremark for unjust enrichment and monies had and received.  (Response at 2-3)  Not only is a response brief an improper place to assert new theories, but such a theory of liability is fatally deficient in any event.

Skilstaf cites to one paragraph of the complaint for its claim against CVS Caremark, which merely alleges that CVS Caremark "is one of the largest pharmacy chains in the United States with over 6,200 retail stores across the country"[2] and states at the end in conclusory fashion that, it is "liable for its own

---

[1] Skilstaf's claims also fail for the reasons set forth in the Joint Reply Memorandum, and CVS Caremark joins in all arguments in the Joint Reply Memorandum.  CVS Caremark also joins in the arguments made in both Walgreen Co.'s and The Kroger Co.'s Supplemental Reply Memorandums.  This Memorandum is intended to supplement those discussions by briefly addressing the issues specific to CVS Caremark.

[2] Although beyond the purposes of the instant motion, here again Skilstaf is wrong as

SFCA_1668276.1

unjust enrichment." (Response at 2, citing Complaint ¶ 41)  However, as the Supreme Court has recently emphasized, such conclusory pleading is insufficient to state a claim as Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead <u>facts</u> showing its entitlement to relief.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

Although Skilstaf then lists six bullet points containing excerpts from a handful of general assertions from the complaint made against all "defendants," none of them come close to asserting a claim against CVS Caremark, let alone to satisfying the pleading standards as articulated by the Supreme Court in *Iqbal,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face.")  Indeed, not one of them specifically so much as references CVS Caremark, nor do any of them allege that Skilstaf actually made any purported inflated payment to CVS Caremark.  Moreover, the referenced allegations are precisely the sort of "group pleading" that fails for the reason mentioned in the Joint Memorandum (at 39-40).  Simply put, Skilstaf's six bulleted "allegations" are plainly not "enough to raise a right to relief above the speculative level," and the claims against CVS Caremark must therefore be dismissed.  *Twombly*, 550 U.S. at 555; *see also Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *14 (N.D. Cal. Oct. 13, 2009) (finding claim for unjust enrichment, without factual allegations connecting defendant to payments allegedly made by plaintiff, insufficient).[3]

---

CVS Caremark is not the entity that owns the referenced stores.

[3] As Skilstaf's allegations against CVS Caremark fail even the ordinary Rule 8 pleading requirements, it has also obviously failed to comply with the heightened pleading standards of Rule 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th

SFCA_1668276.1

Moreover, Skilstaf's unjust enrichment theory – pursuant to which it apparently seeks to add CVS Caremark to the class of defendants that are alleged to have unknowingly benefitted from the purported scheme involving McKesson and First DataBank – fails to set forth any basis for which it would be <u>unjust</u> to keep any payments alleged to have been made (and, incidentally, no payments are even alleged as to CVS Caremark). In fact, the pharmacy defendants are specifically alleged to have given value for any payments made (i.e., prescriptions provided) and are not alleged to have had any notice of Skilstaf's supposed mistake.

The elements of a claim based on unjust enrichment are the "receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008). "However, the 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'" *Marina Tenants Assn. v. Deauville Marina Dev. Co.*, 181 Cal.App.3d 122, 134 (1986) (internal citation omitted). "[While] restitution may be required when the person benefitting from another's mistake knew about the mistake and the circumstances surrounding the unjust enrichment . . ., innocent recipients may be treated differently than those persons who acquire a benefit with knowledge." *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663-64 (1992); *City of Hope Nat'l Med. Ctr. v. Superior Court*, 8 Cal. App. 4th 633, 637 (1992) ("[s]tated plainly, if it's your mistake, you get to pay for it – unless the recipient misled you or accepted the payment knowing you didn't owe it").

Consequently, Skilstaf has failed to assert any cognizable claim against CVS

---

Cir. 2003); *Martinelli v. Petland*, 2009 WL 2424655, at *6 (D. Ariz. Aug. 7, 2009) (when an unjust enrichment claim is predicated on fraud, plaintiffs must plead with particularity). This deficiency is yet another ground for dismissal.

4
SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1668276.1

Caremark.

## II. CVS Caremark Is Not Liable For The Actions Of Its Subsidiaries.

Skilstaf next argues that, even if it has not properly pleaded a direct claim against CVS Caremark, it is still a proper defendant because CVS Caremark is liable for the purported conduct of two subsidiaries – Longs Drug Store Corporation ("Longs") and Albertsons, Inc. ("Albertsons"). (Response at 3-4) However, it is black letter law that a parent corporation is not liable for the actions of its subsidiaries. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.")

Perhaps in recognition of this unavoidable obstacle, Skilstaf attempts to broaden and mischaracterize the allegations in its complaint. For example, Skilstaf argues that CVS Caremark can be held liable for the purported acts of Longs because it claims, for the first time and without citation, that the "relationship between CVS Caremark and Longs … is not one of a traditional parent-subsidiary." (Response at 4) However, that is directly contrary to the allegations of Skilstaf's own complaint, wherein it is alleged that "CVS Caremark acquired Longs" (Complaint, ¶ 41), "Longs is a wholly owned subsidiary of Defendant CVS" (*Id.*, ¶ 42), and "upon information and belief, [CVS Caremark] is liable for Longs'" conduct and, "[t]hus, all references to Longs in this Complaint also apply to CVS." (*Id.*, ¶ 41)  Skilstaf's effort to hold CVS Caremark liable for the alleged acts of its subsidiary is directly contrary to the well-established law uniformly holding that parent corporations are not liable for acts of subsidiaries merely because of the existence of a parent-subsidiary relationship. *See Bestfoods*, 524 U.S. at 61; *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1102-03 (N.D. Cal. 2006) (granting motion to dismiss claims against parent corporation because

5
SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1668276.1

plaintiffs failed to plead factors signaling that it would be inequitable to separate the corporate identities, and because "plaintiffs do not allege, absent conclusory statements, that [subsidiary] is merely an instrumentality of [parent]")

Skilstaf's assertions that CVS Caremark can be held liable for the alleged actions of Albertsons are equally without legal support. Indeed, even Skilstaf recognizes that, "[u]nder California law, a successor corporation[4] will generally not be liable for the tort liability of its predecessor without an assumption of liability, evidence of fraud or a merger of the two companies." (Response at 3-4) (citing *Fed. Ins. Co. v. Albertson's Inc.*, No. 06-04000, 2007 U.S. Dist. LEXIS 35831, *22-23 (N.D. Cal. May 11, 2007)). In hopes of nonetheless manufacturing a claim, Skilstaf asserts that it "specifically alleges based upon its review of SEC filings that CVS has assumed liabilities of Albertsons' pharmacy business." (Response at 4) However, this is not what is alleged in the complaint. Rather, the complaint merely asserts that, "CVS purchased substantially all of the assets and assumed *specified* liabilities of Albertsons' stand-alone drug store business." (Complaint, ¶ 41) (emphasis added). There is no allegation that CVS Caremark assumed *tort liability* for Albertsons' *pharmacy business*. Skilstaf's claim that CVS Caremark is liable for the purported conduct of Albertsons fails as a matter of law. *See Fed. Ins. Co.,* 2007 U.S. Dist. LEXIS 35831 at *22-23; *Bestfoods*, 524 U.S. at 61.

Accordingly, because Skilstaf has failed to allege any cognizable claim against CVS Caremark, either directly, or indirectly due to its purported parent-subsidiary relationships, Skilstaf's claims against CVS Caremark should be dismissed. Moreover, as Skilstaf neither seeks leave to amend nor claims it could cure its claims if given the opportunity, all claims against CVS Caremark should

---

[4] As Skilstaf indicates in its papers, CVS Caremark is not even the "successor corporation" to Albertson's or any portion thereof. (Response at 3-4)

6
SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CVS CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1668276.1

be dismissed with prejudice.

Dated:  December 18, 2009          FOLEY & LARDNER LLP


By:    /s/ Page R. Barnes
Page R. Barnes, State Bar No. 154539
FOLEY & LARDNER LLP
One Maritime Plaza, Suite 600
San Francisco, Ca 94501
Telephone: (415)434-4484
Fax: (415)434-4507
pbarnes@foley.com

Attorneys For Defendants,
CVS Caremark Corp. And
Longs Drug Store Corporation
N/K/A Longs Drug Stores, L.L.C.

7
SUPPLEMENTAL REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CVS
CAREMARK CORPORATION'S MOTION TO DISMISS
CASE NO. CV 09 2514 SI

SFCA_1668276.1